United States District Court
Southern District of Texas
**ENTERED**
September 04, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARMON GADDIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-3072 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Vacate Arbitration Award (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be denied and the award confirmed.

## I. BACKGROUND

This is an action to vacate an arbitration award pursuant to section 10 of the Federal Arbitration Act ("FAA"). On November 15, 2024, Plaintiff Carmon Gaddie ("Plaintiff") filed a claim with the American Arbitration Association ("AAA") contending that Defendant Experian Information Solutions, Inc. ("Defendant") violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate tradelines and disregarding claims of identity theft. On March 12, 2026, Arbitrator Crutcher (the "Arbitrator") issued an award in Defendant's favor. Plaintiff now alleges that

the Arbitrator "refused to properly consider material evidence and misapplied controlling federal law."[1]

Based on the foregoing, on April 16, 2026, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asking this Court to vacate the arbitration award. On that same date, Plaintiff filed the present motion to vacate the arbitration award. On July 6, 2026, Defendant responded in opposition.[2]

## II. LAW & ANALYSIS

Plaintiff moves to vacate the arbitration award and presents the following grounds for vacatur: (1) "refusal to consider material evidence of identity theft"; (2) "improper reliance on unsupported declarations regarding reinsertion notices"; (3) "failure to properly evaluate reasonableness of reinvestigation procedures"; and (4) "manifest disregard of the Fair Credit Reporting Act[.]"[3] In response, Defendant contends, in relevant part, that Plaintiff's "motion fails to get off the ground, let alone clear the sky-high bar for disturbing arbitration awards[.]"[4]

---

[1] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 5 at 1.

[2] *See Experian Information Solutions, Inc.'s Response in Opposition to Petitioner's Motion to Vacate Arbitration Award*, Document No. 16 at 1. The Court notes orders extending Defendant's deadline to respond to Plaintiff's motion to vacate the arbitration award. *See Order Granting Extension*, Document No. 12 at 1; *Order Granting Extension*, Document No. 15 at 1.

[3] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 5 at 2, 3.

[4] *Experian Information Solutions, Inc.'s Response in Opposition to Petitioner's Motion to Vacate Arbitration Award*, Document No. 16 at 4.

Because of the strong national policy in favor of arbitration, "judicial review of an arbitration award is extraordinarily narrow" and "exceedingly deferential." *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 543–44 (5th Cir. 2016). The FAA allows the Court to vacate an arbitration award where, *inter alia*: (1) the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy; (2) the arbitrator was guilty of misbehavior by which the rights of any party were prejudiced; or (3) the arbitrator exceeds his powers. 9 U.S.C. § 10(a). The burden of proof is on the party seeking to vacate the arbitration award. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 (5th Cir. 2004). The Court will consider, in turn, each ground Plaintiff contends warrant vacatur. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*1. Refusal to Consider Evidence of Identity Theft*

Plaintiff contends, in relevant part, that they "submitted documentation demonstrating identity theft" and that "[t]he arbitrator nonetheless concluded that Petitioner failed to provide an identity theft report[.]" In response, Defendant contends that "the Award expressly states that the Arbitrator considered the evidence before her and found that Mr. Gaddie 'admitted to having resided at all those

addresses at some point.'"[5] The Court has reviewed the arbitration award and notes the arbitrator's specific consideration of Plaintiff's identity theft evidence.[6]

Based on the foregoing, the Court finds that the Arbitrator did consider the evidence of identity theft and nonetheless concluded that Plaintiff did not provide sufficient evidence of identity theft. Considering the language of the applicable statutes and clear guidance of the Fifth Circuit on what amounts to arbitrator misconduct, the Court finds that the Arbitrator's conclusion that Plaintiff did not provide sufficient evidence of identity theft does not amount to arbitrator misconduct. The Court will now consider Plaintiff's contention that the arbitrator improperly relied on unsupported declarations.

*2. Improper Reliance on Unsupported Declarations*

Plaintiff contends, in relevant part, that Defendant "relied on internal declarations claiming that notices were sent" and that "[t]he arbitrator accepted these unsupported declarations without requiring documentary proof[.]"[7] In response,

---

[5] *Experian Information Solutions, Inc.'s Response in Opposition to Petitioner's Motion to Vacate Arbitration Award*, Document No. 16 at 8.

[6] *Experian Information Solutions, Inc.'s Response in Opposition to Petitioner's Motion to Vacate Arbitration Award*, Document No. 16, Exhibit 1 at 4 (*Arbitration Award*) ("Claimant points to disparate addresses contained in his credit file. However, at hearing, he admitted to having resided at all those addresses at some point . . . Mr. Gabbie provided no other evidence of identity theft. Mr. Gaddie therefore does not meet the FCRA requirement of providing an official government report of identity theft[.]").

[7] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 5 at 2.

Defendant contends that "while Mr. Gaddie testified that he did not receive a reinsertion notice of a blocked tradeline within five business days as required by the FCRA, the Arbitrator found Experian's evidence more credible, as supported by the Declaration of Christina Hamilton[.]"[8]

Having reviewed the present motion, the Court notes that Plaintiff provides no applicable law to suggest that the Arbitrators independent conclusions of credibility rise to the level of arbitrator misconduct. Based on the foregoing, and the fact that the Arbitrator in this matter made independent conclusions regarding credibility, the Court finds that Plaintiff's allegation that the Arbitrator relied on unsupported declarations is insufficient for this Court to vacate the arbitration award. The Court will now consider Plaintiff's allegation that the arbitrator failed "to properly evaluate reasonableness of reinvestigation procedures[.]"[9]

*C. Failure to Properly Evaluate Reasonableness*

Plaintiff contends, in relevant part, that "the arbitrator failed to evaluate whether Experian conducted a reasonable investigation as required by 15 U.S.C. § 1681i."[10] The Court has independently reviewed the arbitration award and notes the arbitrators finding that "[c]laimant further failed to produce evidence that he

---

[8] *Experian Information Solutions, Inc.'s Response in Opposition to Petitioner's Motion to Vacate Arbitration Award*, Document No. 16 at 4–5.

[9] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 5 at 2.

[10] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 5 at 2.

requested a description of the procedures used to determine the accuracy and completeness of the reinserted information" and that "[f]or the above-stated reasons, Claimant's claims under 15 U.S.C. §§ 1681i(a), 1681i(a)(5), and 1681i(a)(6)(B)(iii) fail."[11] Based on the foregoing, the Court finds that the Arbitrator clearly did evaluate if the Defendant conducted a reasonable investigation. The fact that the Arbitrator's conclusion was inconsistent with Plaintiff's position does not give rise to, nor in any way suggest, arbitrator misconduct. As such, the court finds that Plaintiff's motion should be denied with respect to this ground. The Court will now consider Plaintiff's contention that the award should be vacated because the arbitrator "disregard[ed] . . . the Fair Credit Reporting Act[.]"[12]

*D. Disregard of the Fair Credit Reporting Act*

Lastly, Plaintiff contends that "[t]he arbitrator's conclusions effectively required Petitioner to prove inaccuracies without considering the statutory obligations imposed on consumer reporting agencies" and that "[b]y disregarding these statutory requirements, the arbitrator manifestly disregarded governing federal law."[13] In response, Defendant contends that manifest disregard of the law is not a

[11] *Arbitration Award, supra* note 6 at 5.

[12] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 5 at 3.

[13] *Plaintiff's Motion to Vacate Arbitration Award*, Document No. 5 at 3.

basis for vacatur.[14] The Supreme Court has specifically addressed this issue and held that manifest disregard is not a ground for vacatur of an arbitration award. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 585 (2008); *see also* 9 U.S.C. § 10(a).

Based on the foregoing, and the Supreme Court's clear guidance that manifest disregard is not a ground for vacatur of an arbitration award, the Court finds that Plaintiff's motion should be denied.[15] Furthermore, "[u]nder the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs. L.L.C.*, 552 U.S. at 582; *see also* 9 U.S.C. §§ 9–11. Based on the foregoing and considering the Court's finding that Plaintiff's motion to vacate should be denied, the Court finds confirmation of the arbitration award is required.

## III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion to Vacate Arbitration Award (Document No. 5) is **DENIED**. The Court further

[14] *See Experian Information Solutions, Inc.'s Response in Opposition to Petitioner's Motion to Vacate Arbitration Award*, Document No. 16 at 9.

[15] Regardless of the availability of manifest disregard as a ground for vacatur of an arbitration agreement, the Court notes that the Arbitrator in this matter expressly cited the FCRA where relevant. *See Arbitration Award*, *supra* note 6 at 2–4.

**ORDERS** that the arbitration award attached as Exhibit 1 to Experian Information Solutions, Inc.'s Response in Opposition to Petitioner's Motion to Vacate Arbitration Award (Document No. 16) is **CONFIRMED** as follows:

1. Claimant shall take nothing on his claims.

2. The Parties shall each bear their own attorneys' fees.

3. The administrative fees and expenses of the American Arbitration Association totaling $2,500 shall be borne as incurred. The compensation of the arbitrator totaling $11,550 shall be borne as incurred. The Court further

**ORDERS** that, having denied all requested relief, Plaintiff's matter is hereby **DISMISSED**. The Court further

**ORDERS** that all pending motions in this matter are hereby **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this 3 day of September, 2026.

DAVID HITTNER
United States District Judge